UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMARA CARTER et al., | Case No. 2:20-cv-01232-KJD-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| ETHICON, INC. *et al.*, | |
| Defendants. | |

Before the Court is Defendants' Motion to Exclude Case-specific Opinions of Paul Michaels, M.D. (ECF #86). Plaintiffs filed a response in opposition (ECF #94) to which Defendants replied (#97).

I.    Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. As explained in the case law, expert opinion is admissible if

> "(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014). A district court's inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id. (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).

Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a

1  valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a
2  reliable basis in the knowledge and experience of the relevant discipline." <u>Primiano</u>, 598 F.3d at
3  565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude
4  opinions merely because they are impeachable." <u>Alaska Rent-A-Car, Inc. v. Avis Budget Group,</u>
5  <u>Inc.</u>, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by
6  cross examination, contrary evidence, and attention to the burden of proof, not exclusion."
7  <u>Primiano</u>, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is
8  right or wrong, just whether his testimony has substance such that it would be helpful to a jury."
9  <u>Alaska Rent-A-Car</u>, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an
10 expert's reliability as well as whether the testimony is reliable." <u>Primiano</u>, 598 F.3d at 564

11       II.     Analysis

12       Defendants move to exclude the case-specific opinion testimony of expert Paul Michaels,
13 M.D. that relates to his examination of a specimen slide from Tamara Carter which was taken
14 from an explanted Prolift device. The opinion concludes that the symptoms and pain Carter
15 experiences is caused by the "TVT/Prolift" device. However, the TVT device had been removed
16 in a previous surgery. Thus, the slide only contains material from the Prolift device. Therefore,
17 Michaels' testimony is only reliable as it relates to a Prolift device. To the extent that Plaintiffs
18 argue that there was evidence of migration, Plaintiffs have failed to cite any specific testimony or
19 evidence that connects the specimen slide examined by Dr. Michaels with the TVT device.
20 Accordingly, the Court must exclude Michaels from testifying that TVT, specifically, caused the
21 inflammation seen in Carter's specimen slides. See <u>Huskey v. Ethicon, Inc.</u>, 29 F.Supp.3d 691,
22 708 (S.D. W. Va. 2014) ("This result does not, as the plaintiffs suggest, unfairly punish them for
23 a missing piece of evidence over which they had no control. Rule 702 and <u>Daubert</u> are clear that
24 an expert's testimony must be based on "reliable principles and methods." Fed.R.Evid. 702. That
25 is not present here.).
26 ///
27 ///
28 ///

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Exclude Case-specific Opinions of Paul Michaels, M.D. (ECF #86) is **GRANTED IN PART AND DENIED IN PART**.

Dated this 31st day of March, 2021.

_____
Kent J. Dawson
United States District Judge