**WETHERALL GROUP, LTD.**
Peter C. Wetherall (NV No. 04414)
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148
(702) 838-8500
Fax: (702) 837-5081
Email: pwetherall@wetherallgroup.com

**WAGSTAFF & CARTMELL LLP**
Thomas P. Cartmell (*Pro Hac Vice*)
Diane K. Watkins (*Pro Hac Vice*)
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
Fax: (816) 531-2372
Email: tcartmell@wcllp.com
Email: dwatkins@wcllp.com

Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA CARTER and DAVID CARTER, <br><br> Plaintiffs, <br><br> v. <br><br> ETHICON, INC. and JOHNSON & JOHNSON, <br><br> Defendants. | CASE NO.:  2:20-cv-01232-KJD-VCF <br><br><br> **PLAINTIFFS' MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF CHRISTINA PRAMUDJI, M.D. AND MEMORANDUM IN SUPPORT** |

Pursuant to Federal Rules of Evidence 702, 403, and 104, Plaintiffs respectfully request that the Court exclude certain opinions and testimony of Defendants' expert Dr. Christina Pramudji.

1

**SUMMARY OF ARGUMENT**

Plaintiffs request that this Court limit Dr. Pramudji's general opinions as set forth in more detail below. Specifically, Plaintiffs ask this Court to exclude Point (1) below, which was not addressed by the Honorable Joseph R. Goodwin (presiding Judge in the Ethicon MDL):

> (1) Dr. Pramudji should be precluded from giving opinions on mesh degradation because Dr. Pramudji failed to employ a reliable methodology in reaching her degradation opinion.

**LEGAL STANDARD**

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods" which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to prove their testimony is flawless. "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.,* 738 F.3d 960, 969–70 (9th Cir. 2013).

**ARGUMENT**

**A. Dr. Pramudji should be precluded from giving opinions on mesh degradation because Dr. Pramudji failed to employ a reliable methodology in reaching her degradation opinion.**

Dr. Pramudji has stated the opinion in her expert reports that:

- "the data in women [ ] does not support that the TVT [ ] degrades, or that if it did it would have a clinically significant effect, and I have not seen evidence of mesh degradation in my practice" (Doc. No. 146-1 at p. 10); and

- "the data in women does not support that Gynemesh PS degrades, as reoperation rates for recurrence are low, cure rates and satisfaction is high, and complication rates are not consistent with degradation or that if it did degrade, it would have a clinically significant effect, and I have not seen evidence of mesh degradation in my clinical practice." (Doc. No. 146-1 at p. 81).

However, Dr. Pramudji has not utilized any method—let alone a reliable method—to reach these conclusions. Dr. Pramudji's opinions amount to nothing more than baseless assumptions, and the law is clear that such "unsupported speculation" is not only insufficient, but precisely what *Daubert* aims to prevent. While the MDL court, in a bellwether setting, previously allowed Dr. Pramudji to testify whether she has observed degradation in her own clinical practice, her current opinions go beyond what Dr. Pramudji has seen in her clinical practice. *Huskey v. Ethicon, Inc.,* 29 F. Supp. 3d 691, 726-27 (S.D W.V. 2014); *Geery v. Ethicon, Inc.,* No. 6:20-cv-1975-RBD-LRH, 2021 WL 2580144, at *3 (M.D. Fla. April 9, 2021) ("While Dr. Pramudji may testify about her own clinical experience regarding mesh degradation, **she has not provided a reliable basis to opine generally on mesh degradation in the larger population**." (emphasis added)).

Dr. Pramudji does not have any specialized education or training specifically related to polypropylene or the scientific, chemical or structural make-up of Ethicon's medical devices or any of their components, including polypropylene mesh. Dr. Pramudji does claim to be qualified as an expert in these subjects, but concedes that she ". . . had some training in polymers and chemistry. But, you know, [] that was a long time ago." (Excerpt of Pramudji Dep. (4/11/2014),

attached as Exhibit A, at 145:6-16.)  Illustrating her own lack of knowledge, Dr. Pramudji readily admits that she does not know about the scientific properties of the polypropylene mesh. She clearly states that she does not know whether or not there are any additives to the polypropylene, whether or not it is oxidized before implantation, or what its molecular weight is. *Id.* at 133:19-134:2 She also does not know the chemical processes involved with degradation:

> Q. … [Y]ou're not intending to offer opinions here concerning the chemical processes that are involved with polypropylene?
>
> A . I don't know about the chemical process.

(*Id.* at 134:7-13.)

Moreover, Dr. Pramudji concedes she has never done any of the following:

• Tested polypropylene mesh to see if it degrades;

• Looked at polypropylene under a microscope;

• Looked at explanted polypropylene sutures and analyzed them for degradation;

• Asked a pathologist about polypropylene degradation;

• Sought out and/or reviewed any additional information from Ethicon regarding the chemical makeup of polypropylene mesh; and

• Performed independent studies related to polypropylene degradation.

(*Id.* at 132:1-134:10; Excerpt of Pramudji Dep. (3/23/2016), attached as Exhibit B, at 70:13-21.)

When asked directly how, in fact, she knows whether or not polypropylene mesh deteriorates, Dr. Pramudji testified: "Because it doesn't." (Exhibit A at 134:16-134:19.) Dr. Pramudji attempts to support her opinions by stating that she has not heard of degradation in her review of literature. (*Id.* at 136:21-138:15.) However, Dr. Pramudji confirms that she reviewed literature and documents provided by Ethicon, but did not ask Ethicon to provide her with all of the information that they have concerning degradation. (*Id.* at 132:6-11.) Though it does not

appear that Dr. Pramudji has performed any specific research or sought out any information directly on this topic, she concedes that she has seen what she considers "remote studies" that do, in fact, report polypropylene degradation. (*Id.* at 136:21-138:15.) Most concerning is Dr. Pramudji's assertion that there is nothing she could learn about the material used in the Ethicon TVT product, or that she could see in the medical literature about polypropylene degradation, that would change her opinion. (*Id.* at 141:7-142:3.) Reviewing selective literature provided by Defendants that does not address degradation, and presumptively disregarding any literature contrary to her opinion, is not a foundation for "expert" testimony that degradation does not occur. Dr. Pramudji has admittedly not used any scientific or medical methodology to come to her conclusions, and expert speculation such as this should be excluded.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court exclude the above opinions offered by Dr. Pramudji.

DATED: February 28, 2022.

WAGSTAFF & CARTMELL, L.L.P.

By:  /s/ *Diane K. Watkins*
Thomas P. Cartmell (*Pro Hac Vice*)
Diane K. Watkins (*Pro Hac Vice*)
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
Fax: (816) 531-2372
Email: tcartmell@wcllp.com
Email: dwatkins@wcllp.com

WETHERALL GROUP, LTD.
Peter C. Wetherall (NV No. 04414)
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148
(702) 838-8500
Fax: (702) 837-5081
Email: pwetherall@wetherallgroup.com

Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

*/s/ Diane K. Watkins*
Diane K. Watkins

54836194.v1

## INDEX OF EXHIBITS

| Exhibit No. | Description | # of Pages |
|:---:|---|---|
| A | Excerpt of Pramudji Deposition (4-11-2014) | 15 |
| B | Excerpt of Pramudji Deposition (3-23-2016) | 2 |

54836194.v1