UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMARA CARTER and DAVID CARTER,<br><br>                              Plaintiffs,<br><br>     v.<br><br>JOHNSON & JOHNSON; ETHICON. INC.; and ETHICON LLC,<br><br>                              Defendants. | Case No. 2:20-cv-01232-KJD-VCF<br><br>ORDER |

Presently before the Court is Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Steven MacLean, Ph.D. (#191). Defendants responded in opposition. (#211).

I.     Factual and Procedural Background

This is a products liability action involving two prescription medical devices– Prolift and TVT. On July 23, 2010, at St. Rose Dominican Hospital in Las Vegas, Nevada, Dr. Gregory Hsieh implanted a Prolift device for Plaintiff Tamara Carter's ("Mrs. Carter") posterior pelvic prolapse and a TVT mid-urethral sling for Mrs. Carter's stress urinary incontinence ("SUI"). Mrs. Carter alleges that these medical devices caused her injuries, and that Defendants are liable under claims of strict liability for failure to warn and for design defect. Her husband, Plaintiff David Carter ("Mr. Carter") raises a loss of consortium claim. Additionally, Plaintiffs claim that Defendants' conduct was malicious, oppressive, willful, wanton, reckless, and grossly negligent. Defendants ("Ethicon") deny Plaintiffs' allegations and assert that Prolift and TVT were state of the art at the time of implant, that Mrs. Carter's alleged injuries pre-dated her surgery, that Mrs. Carter assumed the risks, and that Mrs. Carter's own actions contributed to her injuries.

Dr. Steven MacLean is an expert witness for Ethicon. He is a polymer scientist and engineer with a Ph.D. in material science. Mrs. and Mr. Carter have objected to his testimony and argue it should be excluded because it is based on unreliable extrapolations and leads to incorrect conclusions.

II.  Analysis

**A. Legal Standard**

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court gave expanded direction on Rule 702 in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the Court held that Rule 702 imposed "a special obligation upon a trial judge to 'ensure that any and all scientific testimony… is not only relevant, but reliable.'" See Kumbo Tire Co., v. Carmichael, 526 U.S. 137 (1999). The Court expanded this gatekeeping obligation to all expert testimony. Id. at 147. Daubert "established that, faced with a proffer of expert scientific testimony, the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue." Id. The "focus must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 580.

The Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barrier to opinion testimony." Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th Cir. 2001). "An expert witness–unlike other witnesses–is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline." Id. (citations and quotation marks omitted).

In Daubert, the Court also clarified that parties should not be "overly pessimistic about the capabilities of the jury and of the adversary system generally." Daubert, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. "The role of the Court is not to determine 'the correctness of the expert's conclusions but the soundness of his methodology.'" Great W. Air, LLC v. Cirrus Design Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3 (D. Nev. 2019). "The judge is supposed to screen the jury from unreliable nonsense opinions… [t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Id. at 4.

### B.  Dr. Steven MacLean Testimony

In keeping with the Ninth Circuit's emphasis on "relaxing the traditional barrier to opinion testimony" the Court finds that Dr. MacLean's testimony is admissible. Mrs. and Mr. Carter argue that Dr. MacLean uses "mathmagic" to inappropriately extrapolate data to reach the conclusion that their own expert witness, Dr. Howard Jordi, is incorrect about the melting point of mesh. (#191, at 2–3). Dr. MacLean used several sets of data to reach his conclusion refuting Dr. Jordi. The Court agrees with the MDL Court that "the use of inputs from different studies does not necessarily render an expert's conclusions unreliable." (#104, at 11–12).

Additionally, the Court is tasked only with determining whether the testimony reflects "scientific knowledge" and "will assist the trier of fact to understand or determine a material fact at issue." Kumbo Tire Co., 526 U.S. at 137. Dr. MacLean's opinion regarding Dr. Jordi's conclusions is based on scientific knowledge. In Dr. MacLean's report, he goes into detail explaining why he disagrees with Dr. Jordi, and those details include scientific explanations for the disagreements. (#211-1, at 116–18). The Court also finds that this testimony will help the trier of fact determine who is right or wrong regarding the melting point of mesh, which is the Court's premier responsibility when considering admissibility– not whether the expert's conclusions are correct. See Great W. Air, LLC, 2019 WL 6529046, at *3. Because Dr. MacLean backs up his conclusions about Dr. Jordi based on his expertise in polymer and material science, the Court finds his opinion reliable and helpful to a jury.

Finally, Mrs. and Mr. Carter will have the opportunity to cross-examine Dr. MacLean, question his credibility, and present contrary evidence. See Daubert, 509 U.S. at 596.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Steven MacLean, Ph.D. (#191) is **DENIED.**

DATED this 23 day of September 2022.

Kent J. Dawson
United States District Judge