UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAMARA CARTER and DAVID CARTER,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHNSON & JOHNSON; ETHICON, INC.;<br>and ETHICON LLC,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:20-cv-01232-KJD-VCF<br><br>ORDER |

Presently before the Court is Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Salil Khandwala, M.D. (#192). Defendants responded in opposition. (#209).

I.　　Factual and Procedural Background

This is a products liability action involving two prescription medical devices– Prolift and TVT. On July 23, 2010, at St. Rose Dominican Hospital in Las Vegas, Nevada, Dr. Gregory Hsieh implanted a Prolift device for Plaintiff Tamara Carter's ("Mrs. Carter") posterior pelvic prolapse and a TVT mid-urethral sling for Mrs. Carter's stress urinary incontinence ("SUI"). Mrs. Carter alleges that these medical devices caused her injuries, and that Defendants are liable under claims of strict liability for failure to warn and for design defect. Her husband, Plaintiff David Carter ("Mr. Carter") raises a loss of consortium claim. Additionally, Plaintiffs claim that Defendants' conduct was malicious, oppressive, willful, wanton, reckless, and grossly negligent. Defendants ("Ethicon") deny Plaintiffs' allegations and assert that Prolift and TVT were state of the art at the time of implant, that Mrs. Carter's alleged injuries pre-dated her surgery, that Mrs. Carter assumed the risks, and that Mrs. Carter's own actions contributed to her injuries.

Dr. Salil Khandwala is board certified in obstetrics and gynecology, with a subspeciality in female pelvic medicine and reconstructive surgery. Mrs. and Mr. Carter have objected to his

testimony and argue it should be excluded because it is outside his area of expertise, it does not rest upon sufficient facts or data, and is not the product of principles and methods reliably applied to the facts of this case.

II. <u>Analysis</u>

**A. Legal Standard**

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court gave expanded direction on Rule 702 in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In <u>Daubert</u>, the Court held that Rule 702 imposed "a special obligation upon a trial judge to 'ensure that any and all scientific testimony… is not only relevant, but reliable.'" <u>See</u> <u>Kumho Tire Co., v. Carmichael</u>, 526 U.S. 137 (1999). The Court expanded this gatekeeping obligation to all expert testimony. <u>Id.</u> at 147. <u>Daubert</u> "established that, faced with a proffer of expert scientific testimony, the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue." <u>Daubert</u>, 509 U.S. at 592. The "focus must be solely on principles and methodology, not on the conclusions that they generate." <u>Id.</u> at 595.

The Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barrier to opinion testimony." <u>Jinro Am. Inc. v. Secure Investments, Inc.</u>, 266 F.3d 993, 1004 (9th Cir. 2001). "An expert witness–unlike other witnesses–is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline." <u>Id.</u> (citations and quotation marks omitted).

In Daubert, the Court also clarified that parties should not be "overly pessimistic about the capabilities of the jury and of the adversary system generally." Daubert, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. "The role of the Court is not to determine 'the correctness of the expert's conclusions but the soundness of his methodology.'" Great W. Air, LLC v. Cirrus Design Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3 (D. Nev. 2019). "The judge is supposed to screen the jury from unreliable nonsense opinions… [t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Id. at 4.

### B. Dr. Salil Khandwala's Testimony

#### i. Mesh Contraction

The Court finds that Dr. Khandwala's testimony regarding mesh contraction is admissible. Mrs. and Mr. Carter argue that his opinions about mesh contraction is unreliable because he does not believe that the mesh can shrink. (#192, at 4–5). However, Dr. Khandwala states in his deposition that although it may appear that the mesh shrinks, he believes that what really occurs is the vaginal tissue surrounding the mesh "reorganizes" itself to accommodate the mesh. (#192, at 13, 19, 99–100). His belief is based on several research papers he reviewed, a study he conducted, and his own clinical experience with over 250 patients. (#192, at 13–15, 20-–23). Insofar that Plaintiffs object to his conclusion that mesh does not shrink, it is not up to the Court to assess if that is true. The Court must only determine whether the expert's testimony reflects "scientific knowledge" and "will assist the trier of fact to understand or determine a material fact at issue." Daubert, 509 U.S. at 592. The Court finds that Dr. Khandwala's opinion is based on scientific knowledge because of his own expertise and clinical experience, as well as the scientific literature he references. The Court also finds that his testimony will help the trier of fact to understand a material fact regarding the vaginal mesh's potential for shrinkage.

Plaintiffs also argue that Dr. Khandwala's testimony should be excluded because he does not have any independent expertise in polypropylene or polymer science, that his opinion is based on

an assumption that all polypropylene mesh exhibit the same behavior in vivo, and that he did not account for all the scientific literature that refutes his claim about mesh contraction. (#192, at 5). However, all of these concerns can be addressed during cross-examination. Mrs. and Mr. Carter will have the opportunity to attack Dr. Khandwala's credibility in front of the jury, and it will be up to the jury to decide which expert witness to believe. The Court is tasked only with screening the jury from "nonsense opinions" and the Court finds the basis of his opinion is not nonsense, but rather, scientific and reliable.

### ii. Porosity

Regarding Plaintiff's Motion to exclude Dr. Khandwala's opinions on porosity, the Court denies the motion without prejudice. Mrs. and Mr. Carter argue that Dr. Khandwala cannot provide reasoned explanations for his opinions on polypropylene mesh and that his experience in the removal of polypropylene mesh is extremely limited. (#192, at 6). However, as Defendant points out, it is unclear which opinion on porosity Dr. Khandwala is purported to testify about. Additionally, Dr. Khandwala has vast clinical experience with the implantations of mesh slings, and he has reviewed a sufficient array of scientific literature to render opinions based on his experience. Mrs. and Mr. Carter may raise an objection to Dr. Khandwala's opinion on porosity again in a motion in limine but must specifically set out which opinions or portion of his report they object to.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Salil Khandwala, M.D. (#192) is **DENIED.**

DATED this 27 day of September 2022.

Kent J. Dawson
United States District Judge